# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUTTON, et al.,<br><br>　　　　　Defendants. | 1:20-cv-00983 AWI-GSA-PC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, AS APPARENT ON THE FACE OF THE COMPLAINT**<br><br>**THIRTY DAY DEADLINE FOR PLAINTIFF TO RESPOND TO ORDER** |

**I.     BACKGROUND**

Isaiah Washington ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On July 16, 2020, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

**II.    PLAINTIFF'S COMPLAINT - SUMMARY**

In the Complaint Plaintiff alleges that on September 23, 2019, he was subjected to a strip search during which officers found a pill in his sock and a cell phone in his anus.  Plaintiff claims that he was sexually assaulted during the search when one officer stuck his hands in Plaintiff's anus and retrieved a cell phone, and stuck several of his fingers in Plaintiff's alimentary canal while jokingly stating, "What else you got in there," while the other officers laughed.

Plaintiff alleges that after he was released from administrative segregation he filed a 602 appeal for sexual assault almost four months later. Wasco officials canceled the appeal by improperly and illegally interfering with Plaintiff's appeal by changing the topic of Plaintiff's appeal from sexual assault to misuse of force, and determined that Plaintiff had exceeded the time limits for submitting an appeal. Less than three months later Plaintiff re-submitted a similar sexual assault 602 appeal regarding the same incident. Officer F. Feliciano, appeals coordinator, canceled Plaintiff's appeal for the same erroneous reasons stating that Plaintiff's claims were not sexual assault claims under PREA (Prison Rape Elimination Act) standards and were only misuse of force. Plaintiff indicates that he did not appeal any of his grievances to the highest level of review because the "appeal was erroneously canceled." (Comp., ECF No. 1 at 4 ¶ 5, 6 ¶ 5, 7 ¶ 5.)

### III. PRISON LITIGATION REFORM ACT

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002). Prisoners are required to exhaust before bringing suit. Booth, 532 U.S. at 741.

From the face of Plaintiff's Complaint, it appears clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762

F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

Plaintiff alleges in the Complaint that the sexual assault against him occurred on September 23, 2019, but he did not file an appeal until four months after he was released from administrative segregation (see, California Code of Regs, Tit 15, sections 3482(b), and 3487(a)(1)), and he did not submit any of his appeals to the highest level of review before filing the Complaint on July 16, 2020.

Based on the above, Plaintiff shall be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

## IV.   ORDER TO SHOW CAUSE

In light of the foregoing analysis, Plaintiff is HEREBY ORDERED to respond in writing to this order, within **thirty (30) days** of the date of service of this order, showing cause why this case should not be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit.  **Failure to respond to this order may result in the dismissal of this case.**

IT IS SO ORDERED.

Dated:   **September 20, 2021**                              **/s/ Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE