1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

ISAIAH WASHINGTON,

**1:20-cv-00983 AWI-GSA-PC**

12

Plaintiff,

**ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL
(ECF No. 22.)**

13

v.

14

SUTTON, et al.,

15

Defendants.

16

17      On December 17, 2021, Plaintiff filed a motion seeking the appointment of counsel.

18  Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>,

19  113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent

20  Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).   <u>Mallard v. United States District Court for the</u>

21  <u>Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).   However, in certain exceptional

22  circumstances the Court may request the voluntary assistance of counsel pursuant to section

23  1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

24      Without a reasonable method of securing and compensating counsel, the Court will seek

25  volunteer counsel only in the most serious and exceptional cases.   In determining whether

26  "exceptional circumstances exist, the district court must evaluate both the likelihood of success

27  of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28  complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Defendants have not been served. Plaintiff asserts that he cannot afford to retain counsel and it is difficult for him to manage the court's deadlines because he has limited access to the prison's law library. These conditions, while challenging, are not exceptional circumstances under the law. Moreover, based on the record in this case, the court finds that Plaintiff can adequately articulate his claims and respond to court orders. Further, the legal issue in this case -- whether Defendants used excessive force against Plaintiff – is not complex. Therefore, Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 20, 2021**                    **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE