# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUTTON, et al.,<br><br>　　　　Defendants. | 1:20-cv-00983 AWI-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>**(ECF No. 39.)** |

On July 6, 2022, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff argues that there are exceptional circumstances in his case that the Court should be advised of. He asserts that a lawyer would have knowledge about litigation that Plaintiff does not, has better access to relevant legal materials, and is much more able to gather factual information necessary for a trial. He also asserts that a lawyer has more training and is not confined to prison. Plaintiff informs the court that it would be difficult for him to gather facts and present evidence at trial. He alleges that he has made several attempts to obtain a lawyer, without success, and he will be prejudiced at trial without counsel. Plaintiff also explains that it will be difficult for him to participate in discovery.

These conditions, while challenging, are not exceptional circumstances under the law. At this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. While the court has found that Plaintiff states cognizable claims in the complaint against defendants for use of excessive force (ECF. No. 17 at 13 ¶1), this is not a determination that Plaintiff is likely to succeed on the merits. Moreover, based on the record in this case, the court finds that Plaintiff can adequately articulate his claims and respond to court orders. Further, the legal issue in this case, -- whether defendants used excessive force against Plaintiff – is not complex. Therefore, Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **July 25, 2022**               **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE