# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUTTON, et al.,<br><br>　　　　Defendants. | 1:20-cv-00983-AWI-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS PROCEDURALLY DEFICIENT**<br><br>**(ECF No. 40.)** |

## I. BACKGROUND

Isaiah Washington ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds against Defendants M. Sturges, O. Navarro, and J. Cornejo ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.) [1]

---

[1] On January 3, 2022, the Court issued an order for this case to proceed only with Plaintiff's excessive force claims against defendants Sturges, Navarro, and Cornejo, and dismissing all other claims and defendants. (ECF No. 25.)

1

On March 25, 2022, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of August 25, 2022, for conducting discovery, including the filing of motions to compel. (ECF No. 32.) The discovery deadline has expired and discovery is now closed. (Court Record.)

On July 6, 2022, Plaintiff filed a motion to compel further responses from Defendants to his requests for admissions, set one, and request for production of documents, set one. (ECF No. 40.) On July 22, 2022, Defendants filed an opposition to the motion to compel. (ECF No. 42.) Plaintiff has not filed a response to the opposition. (Court Record.)

Plaintiff's motion to compel is now before the Court. Local Rule 230(*l*).

## II.  MOTION TO COMPEL – LEGAL STANDARDS

Plaintiff is a state prisoner proceeding *pro se*, and is challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; Discovery and Scheduling Order, ECF No. 32 at 2:17-20.)

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Id. (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D.Cal. Dec. 21, 2011); Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D.Cal. Sept. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Id. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a *pro se* litigator; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett, 296 F.3d at 751.

**Request for Admissions**

Rule 36 provides for requests for admissions as follows: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to (A) facts, the application of law to fact, or the opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the

3

matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id. "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Id.

The requesting party may move to determine the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served. Id. On finding that an answer does not comply with this rule, the court may either rule that the matter is admitted or that an amended answer be served. Id.

**Request for Production of Documents**

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the party or its representative to inspect, copy, test, or sample . . . any designated documents or electronically stored information . . . in responding parties' possession, custody or control." Fed. R. Civ. P. 34(a)(1). "A party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991)). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010). Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient

specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).  If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).  As with previously discussed forms of discovery, boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

## II. PLAINTIFF'S MOTION

Plaintiff requests the Court to compel Defendants and their Representative to cooperate with the discovery requests made by Plaintiff -- his request for admissions, set one, and his request for production of documents, set one.  Plaintiff argues that Defendants are refusing to provide Plaintiff with discovery of important information relating to this case, and are doing so on the basis that it would be a compromise of safety and security of the institution.  In addition, Plaintiff states that defense counsel considers his request for admissions to be vague and ambiguous.

### A. **Defendants' Opposition**

Defendants argue that they have substantially and meaningfully responded and objected to Plaintiff's first sets of requests for admission and production of documents.

Because Plaintiff served his request for admissions on May 3, 2022, to all three Defendants together in a single document, without distinguishing among the individual Defendants, Defendants state that they could not provide any meaningful responses to any of Plaintiff's requests for admissions.  Defense counsel asserted that Plaintiff defined Defendants as, "Defendants and anyone purporting to act on their behalf, including but not limited to, their attorneys, assistants, advisors, investigators, employees, experts, consultants or custodians of records." (Lee Declaration at 1-2 and Exhibit 1.)  Therefore, Defendants timely objected to the requests for admissions on June 2, 2022. (Id., Exhibit 2.)

On June 6, 2022, Defendants timely served their objections to Plaintiff's first set of request for production of documents, specifying all the grounds for their objections. (Id., Exhibit 3.) Subsequently, on July 14, 2022, Defendants served supplemental responses and objections to the first set of request for production of documents, and produced documents requested by Plaintiff. (Id., Exhibit 4.) Defendants report that they needed more time to produce these documents because Plaintiff's requests were vague, overbroad, and sought confidential documents. Further, Defendants had to thoroughly search voluminous records to ensure accuracy and relevance of the produced documents. Defendants now argue that they have met their discovery obligations and produced all responsive, non-confidential documents to Plaintiff to date.

### B.  Discussion

The Court does not hold prisoners proceeding *pro se* to the same standards that it holds attorneys. Garces v. Pickett, No. 217CV0319JAMACP, 2021 WL 978540, at *3 (E.D. Cal. Mar. 16, 2021) (citing Waterbury v. Scribner, No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *1, 2008 U.S. Dist. LEXIS 53142 (E.D. Cal. May 8, 2008)). However, at a minimum, Plaintiff, as the moving party, bears the burden of informing the court which discovery requests are the subject of his motion to compel and, for *each* disputed response, why Defendants' objections are not justified. (Id.)

Here, Plaintiff makes general objections to all of Defendants' discovery responses together, without addressing any of the individual responses or informing the court why Defendants' objections are not justified. Defendants have responded to each of Plaintiff's discovery requests.

As to the request for admissions, Defendants have objected to each of the individual requests as vague and ambiguous as to the term "you" used to define all of the Defendants "and anyone purporting to act on their behalf, including but not limited to, their attorneys, assistants, advisors, investigators, employees, experts, consultants or custodians of records," as addressed to more than one party, and for other reasons. (Lee Declaration, Exh. 1., ECF No. 41-1 at 101:27-102:3.) Plaintiff fails to explain why Defendants' objections to the requests for admission,

whether as a whole or individually, are not justified.  Plaintiff simply argues that Defendants are refusing to provide him with responses to his request for admissions.

The same is true for Plaintiff's request for production of documents.  Defendants objected to each of the requests individually, some as compound, some as overbroad and unduly burdensome or disproportionate to the needs of the case, some because the release of information could jeopardize the safety and security of the institution, and some for other reasons.  Plaintiff does not explain why he believes any of Defendants objections to the requests for production of documents, whether as a whole or individually, are not justified.  Plaintiff merely argues generally that Defendants' failure to provide him with discovery hinders him from having a fair trial.

On July 14, 2022, after Plaintiff filed his motion to compel, Defendants supplemented some of their responses to Plaintiff's request for production of documents by providing Plaintiff with copies of documents and photographs requested by Plaintiff, attached to Defendants' opposition to the motion to compel.[2]  However, Plaintiff has not replied to Defendants' opposition or indicated whether the documents are sufficiently responsive to the applicable requests for production nos. 1, 3, and 4.  Without Plaintiff's reply the court shall not address the sufficiency of Defendants' supplemental responses to the request for production of documents.

///

---

[2] The documents are attached as exhibits 01, 02, and 03 to Defendants' responses to Plaintiff's first set of requests for production of documents dated July 14, 2022.  (ECF No. 41-1.)

Exhibit 01 is responsive to Plaintiff's request for production no. 1 for "[a]ny and all documents that refer or relate to policies, procedures, and practices in effect in September 23, 2018 for Wasco investigative service unit and custody correctional officers regarding inmate strip searches . . . ."  The exhibit consists of copies of California Code of Regulations, title 15 §§ 317.2-52051.16.  (ECF No. 41-1 at 56 -101.)

Exhibit 02 is responsive to Plaintiff's request for production no. 3 for "[a]ny and incident packages or reports (as defined by the Wasco State Prison use of force policy signed by all Defendants) generated by Wasco staff relating to interactions with Plaintiff Isaiah Washington on or about September 23, 2019, at Wasco. . . ."  The exhibit consists of copies of Plaintiff's Rules Violation Reports and Disciplinary Hearing Results.  (ECF No. 41-1 at 80-94.)

Exhibit 03 is responsive to Plaintiff's request for production no. 4 for "[a]ny and all photographs taken by CDCR staff in relation to and / or as a result of Plaintiff being handcuffed, strip searched, physically touched by the Defendants while naked and held on the ground on or about September 23, 2019."  The exhibit consists of six photographs.  (ECF No. 41-1 at 97-101.)

Based on the foregoing, the Court finds that Plaintiff's motion to compel is procedurally deficient and must be denied.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel, filed on July 6, 2022, is DENIED as procedurally deficient.

IT IS SO ORDERED.

    Dated:   **October 23, 2022**                    **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE