1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11   ISAIAH WASHINGTON,                           No.  1:20-cv-0983 JLT GSA (PC)

12                 Plaintiff,                      ORDER ADOPTING FINDINGS AND
                                                   RECOMMENDATIONS GRANTING
13        v.                                       MOTION FOR SUMMARY JUDGMENT
                                                   AND GRANTING DEFENDANTS' MOTION
14   JOHN SUTTON, et al.,                          TO STRIKE PLAINTIFF'S NOTICE OF
                                                   EXHAUSTION
15                 Defendants.
                                                   (Docs. 45, 50, 52, and 56)
16

17        Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, seeks to hold the

18   defendants liable for violations of his civil rights pursuant to 42 U.S.C. § 1983.  Defendants have

19   filed their motion for summary judgment, asserting that Plaintiff failed to exhaust available

20   administrative remedies as required under the Prison Litigation Reform Act.  (Doc. 45.) Almost

21   two months after briefing was completed (Doc. 48; Doc. 49), Plaintiff then filed a "Notice of

22   Exhaustion of Administrative Remedies," and attached an appeal decision dated a month before.

23   (Doc. 50).  Defendants moved to strike the Notice pursuant to Rule 12(f) of the Federal Rules of

24   Civil Procedure.  (Doc. 52.)

25        The magistrate judge issued Findings and Recommendations addressing Defendants'

26   motions for summary judgment and to strike the Notice.  (Doc. 56.)  As an initial matter, the

27   magistrate judge found the Notice "was untimely filed and should be stricken from the record for

28   that reason alone."  (Doc. 56 at 4.)  In addition, the magistrate judge found the Notice was not

1

1    timely filed to support Plaintiff's opposition to the motion for summary judgment, because the

2    Notice was filed on March 27, 2023, and his opposition was due no later than February 6, 2023.

3    (*Id.* at 5.)  Finally, the magistrate judge that even if the Notice was timely, it "provides no

4    evidence that Plaintiff exhausted his remedies for the claims in this case before he filed this

5    lawsuit." (*Id.* at 6.)  Therefore, the magistrate judge recommended Defendants' motion to strike

6    be granted and the Notice be stricken.  (*Id.*)

7         Next, the magistrate judge found that Plaintiff failed to exhaust his administrative

8    remedies prior to filing this action.  (*See* Doc. 56 at 23-31.)  The magistrate judge also

9    determined, "Plaintiff failed to submit any competent evidence sufficient to create a genuine

10   dispute for trial that Plaintiff exhausted his remedies." (*See id.* at 32.)  Thus, the magistrate judge

11   recommended the motion for summary judgment be granted, and the case be dismissed without

12   prejudice. (*Id.*)

13        Plaintiff filed objections to the Findings and Recommendations on September 11, 2023.

14   (Doc. 57.)  Plaintiff contends his Notice was timely filed to be considered with his opposition to

15   the motion for summary judgment. (*Id.* at 1.)  Plaintiff asserts the matter should be permitted to

16   proceed since he could simply file another action, which "would start this whole process all

17   over." (*Id.*)  Furthermore, Plaintiff contends the magistrate judge failed to consider the fact that

18   he had filed appeals and argues the prison administration worked against him "to prevent Plaintiff

19   from exposing staff misconduct." (*Id.* at 1-2.)

20        Importantly, Plaintiff's objections fail to undermine the finding of the magistrate judge

21   that his notice was untimely, because his opposition was due no later than February 6, 2023, and

22   he did not file the notice until nearly two months after this date.  In addition, Plaintiff ignores the

23   extensive discussion by the magistrate judge concerning the appeals made—and cancelled

24   without Plaintiff properly appealing the cancellations— to determine that Plaintiff failed to

25   properly exhaust his claims. (*See* Doc. 56 at 19-28.)  Thus, contrary to Plaintiff's assertion, the

26   magistrate judge clearly addressed his appeals.  Finally, as the magistrate judge determined,

27   Plaintiff did not identify any evidence to support a conclusion that he exhausted his

28   administrative remedies prior to filing this action.  Whether Plaintiff elects to initiate another

1  action, the matter now before the Court did not comply with the Prison Litigation Reform Act and

2  is subject to dismissal.

3         According to 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court performed a *de*

4  *novo* review of this case.  Having carefully reviewed the entire file, the Court concludes the

5  Findings and Recommendations are supported by the record and by proper analysis. Thus, the

6  Court **ORDERS**:

7      1.    The Findings and Recommendations issued August 28, 2023 (Doc. 56), are

8          **ADOPTED** in full.

9      2.    Defendants' Motion to Strike (Doc. 52) is **GRANTED**.

10      3.    Plaintiff's Notice of Exhaustion, docketed March 27, 2023 (Doc. 50) is

11          **STRICKEN** from the record as untimely.

12      4.    Defendants' Motion for Summary Judgment (Doc. 45) is **GRANTED**.

13      5.    This case is **DISMISSED** without prejudice due to Plaintiff's failure to exhaust

14          administrative remedies prior to filing suit.

15      6.    The Clerk of Court shall close this case.

16

17  IT IS SO ORDERED.

18    Dated:   **October 26, 2023**

                                    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28